UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVARIEN Z DUNLAP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAFE BUENOS AIRES,<br><br>　　　　　Defendant. | Case No.  25-cv-09331-AGT<br><br>**REPORT AND RECOMMENDATION** |

The Clerk of the Court shall reassign this case to a district judge. Upon reassignment, the undersigned recommends that the district judge dismiss the case without prejudice.

Plaintiff is proceeding *in forma pauperis*. Dkt. 5. The undersigned screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), concluded that the complaint was deficient, and granted leave to amend by December 19, 2025. Dkt. 6. Plaintiff didn't file an amended complaint by December 19, and the Court's screening order was returned as undeliverable on December 23, 2025. *See* Dkt. 7 at 1 (return-to-sender notification in yellow).

"An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court . . . a Notice of Change of Address specifying the new address." Civil L.R. 3-11(a).

> The Court may, without prejudice, dismiss a complaint or strike an answer when (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

Civil L.R. 3-11(b).

More than 60 days have passed since the Court's screening order was returned as undeliverable, and the Court hasn't received "a written communication from [Plaintiff] indicating a current address." *Id.* Pursuant to Rule 3-11(b), the undersigned thus recommends that the newly assigned district judge dismiss Plaintiff's complaint without prejudice.

**IT IS SO ORDERED.**

Dated: March 2, 2026

_____
Alex G. Tse
United States Magistrate Judge

2